FILED IN THE U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

JAN 1 5 2026

SEAN F. McAVOY, CLERK
SPOKANE, WASHINGTON

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF WASHINGTON

STEVENSON, SHARON L

              Petitioner,

    vs.

EMPLOYMENT SECURITY DEPT EL AL

              Respondents.

Case No.  2:26-cv-00022-SAB

## NOTICE OF REMOVAL

(28 U.S.C. §§ 1331, 1441, 1443, and 1446)

## I. Parties and State Court Action

This action is removed from the Superior Court of the State of Washington for Spokane County, Case No. 25-2-04252-32, styled STEVENSON, SHARON L vs EMPLOYMENT SECURITY DEPT EL AL. The removing party is Plaintiff Sharon Stevenson, the Petitioner in the state-court proceeding.

The state action seeks judicial review and enforcement of an Office of Administrative Hearings ("OAH") Initial Order arising from proceedings involving the Washington State Employment Security Department ("ESD"). Under Washington law, such judicial review may occur only upon transmission of a lawfully certified administrative record originating from ESD, the agency of record for unemployment determinations.

In this matter, no certified ESD administrative record was ever transmitted to OAH or to the Superior Court. Instead, OAH created and uploaded a document identified as "Exhibits, Pages 1–25," which did not originate from ESD's source systems and did not constitute a certified administrative record. After OAH subject-matter jurisdiction was challenged, ESD attempted to certify OAH's Exhibit Packet (Pages 1–25) rather than transmitting its own agency record.

Accordingly, the state-court action now pending is predicated not on a certified ESD administrative record, but on a substituted and laundered exhibit packet generated by OAH and retroactively certified by ESD after jurisdiction was questioned. Because the statutory and constitutional

prerequisite for judicial review of a certified ESD record has never existed, the state-court proceeding lacks a lawful jurisdictional foundation.

## II. Basis for Federal Jurisdiction

This action is removable to this Court under 28 U.S.C. §§ 1331, 1441(a), and 1443(1) because it arises under the Constitution and laws of the United States, including the Fourteenth Amendment and 42 U.S.C. § 1983, and because the removing party is denied and cannot enforce federally protected rights in the state forum.

The central federal question presented is whether a State may subject a person to adjudication, enforcement, or deprivation of protected interests through judicial proceedings without producing the lawfully certified administrative record required by statute and due process. The absence of a certified ESD administrative record deprives the removing party of notice, the ability to confront evidence, and meaningful judicial review, in violation of the Due Process Clause of the Fourteenth Amendment.

Removal is independently proper under 28 U.S.C. § 1443(1) because the deprivation of federal rights arises from the actions of state agencies acting under color of law, and the structural record-substitution and certification scheme described above prevents those rights from being vindicated in the courts of the State. The state forum depends upon the same substituted record that gives rise to the federal violation, rendering enforcement of federal rights in that forum unavailable.

## III. Federal Constitutional Question Presented

This removal does not seek review of the merits of any unemployment determination. The sole issue presented is whether the State of Washington may subject a person to adjudication and enforcement through its courts without producing the certified administrative record required by law.

Under the Fourteenth Amendment, due process requires notice, a meaningful opportunity to be heard, and adjudication based on an identifiable and lawfully created evidentiary record. Where an agency is designated by statute as the custodian of the administrative record, judicial review cannot proceed unless that agency transmits a certified record of its proceedings. The certified record is not a technicality; it is the foundation of jurisdiction, notice, and the ability to contest the evidence.

Here, ESD  the agency of record, never transmitted a certified administrative record. Instead, OAH generated a substitute exhibit packet and, after subject-matter jurisdiction was challenged, ESD attempted to retroactively certify OAH's packet in place of its own agency record. This deprived the removing party of access to the actual agency record, eliminated the ability to test the evidence relied upon, and converted the state court proceeding into one based on non-source, substituted records.

The resulting deprivation of due process is ongoing and structural. Because the State continues to proceed without a certified ESD record, the state court is unable to provide constitutionally adequate review, and the federal constitutional violation remains unremedied absent removal.

## IV. Jurisdictional Defect in the State Court Proceeding

Under Washington law, the Superior Court's authority to review an OAH Initial Order arises only upon transmission of a certified administrative record from the agency of record, here the Washington State Employment Security Department (ESD). The certified record is the statutory and constitutional predicate for subject-matter jurisdiction in a judicial review proceeding.

In this matter, no certified ESD administrative record has ever been transmitted. OAH did not receive or certify the ESD record. Instead, OAH generated a document titled "Exhibits, Pages 1–25", which was not derived from ESD's source systems and was not the agency record contemplated by statute. When the absence of a certified ESD record was raised as a jurisdictional defect in Spokane County Superior Court, ESD did not transmit its own administrative record, but instead attempted to certify OAH's exhibit packet after the fact.

Because the Superior Court's jurisdiction depends on the existence of a certified ESD record, and because that record has never been produced, the state proceeding has never been lawfully attached. The court has been asked to act without the jurisdictional foundation required by law, rendering the proceeding constitutionally defective and incapable of yielding valid adjudication.

This jurisdictional defect is not procedural or waivable. It is structural, ongoing, and incurable in the state forum so long as the State continues to rely on substituted and retroactively certified records rather than transmitting the agency record required by law.

## V. Ongoing Deprivation of Federal Due Process

Because the Washington State Employment Security Department has never transmitted a certified administrative record, the removing party has been deprived of the basic elements of due process guaranteed by the Fourteenth Amendment. Without the agency record, the removing party cannot determine what evidence was relied upon, cannot test the accuracy or completeness of the record, and cannot meaningfully challenge the basis of the OAH Initial Order.

The State's reliance on a substituted exhibit packet created by OAH and retroactively certified by ESD does not cure this defect. Substituted or laundered records do not provide constitutionally adequate notice or a meaningful opportunity to be heard. They eliminate the ability to confront the actual agency record and obscure the chain of custody of the evidence upon which the State seeks to rely.

The deprivation is ongoing. The State continues to prosecute and maintain a judicial proceeding in Spokane County Superior Court based on non-source records, while withholding the certified ESD record required by law. So long as this condition persists, the removing party is denied meaningful judicial review and is subjected to adjudication without the procedural protections mandated by the Constitution.

This continuing deprivation of due process constitutes a present and active federal constitutional violation, making removal to this Court both necessary and proper.

## VI. Civil-Rights Removal Under 28 U.S.C. § 1443(1)

Removal is independently proper under 28 U.S.C. § 1443(1) because the removing party is denied and cannot enforce rights secured by the Constitution in the courts of the State of Washington. The rights at issue include the right to procedural due process, the right to meaningful judicial review, and the right to adjudication based upon a lawfully created and certified administrative record.

The deprivation of these rights arises from the acts of state agencies acting under color of law. ESD, the agency of record, has withheld its certified administrative record. OAH substituted an exhibit packet for that record. When subject-matter jurisdiction was challenged, the State did not cure the defect by transmitting the ESD record, but instead attempted to retroactively certify OAH's substitute packet in order to maintain the appearance of jurisdiction in Spokane County Superior Court.

Because the state court proceeding is structurally dependent upon the same substituted and laundered records that give rise to the federal constitutional violation, the removing party cannot obtain a neutral and lawful adjudication in that forum. The denial of federal rights is not incidental or correctable by ordinary appeal; it is embedded in the record-creation and certification process controlled by the State.

Accordingly, the removing party is entitled to remove this action under 28 U.S.C. § 1443(1) to secure the protection of federal civil-rights guarantees.

## VII. Timeliness of Removal

This Notice of Removal is timely under 28 U.S.C. § 1446 because the State has never transmitted a certified administrative record from ESD, and the federal constitutional violation described herein is ongoing. The removability of this action could not have been ascertained earlier because the jurisdictional prerequisite for judicial review of a certified ESD record has never existed and has never been cured.

The State continues to maintain and prosecute the Spokane County proceeding using a substituted exhibit packet created by OAH and retroactively certified by ESD after subject-matter jurisdiction was challenged. Each day that the State proceeds without transmitting the agency record required by law constitutes a renewed deprivation of due process.

Accordingly, the thirty-day removal period has not expired, and removal is timely because the continuing absence of a certified ESD record renders the state proceeding constitutionally and jurisdictionally defective as of the date of this filing.

## VIII. Notice to State Court and Effect of Removal

Pursuant to 28 U.S.C. § 1446(d), prompt written notice of this Notice of Removal is being filed with the Superior Court of the State of Washington for Spokane County, and copies are being served upon all parties of record. Upon the filing of such notice, the state court is divested of jurisdiction and may proceed no further unless and until this matter is remanded by this Court.

Because the Spokane County proceeding is predicated on the absence of a certified ESD administrative record and the ongoing substitution of non-source exhibits, any further action by the state court would compound the deprivation of federal rights at issue. Removal therefore operates to preserve the status quo and to prevent further constitutional injury pending review by this Court.

## IX. Relief Requested

The removing party respectfully requests that this Court accept jurisdiction over this action, docket it as a civil action of this Court, and exercise its authority to protect the federal constitutional rights at issue.

Specifically, the removing party requests that this Court:

- Recognize that the Spokane County Superior Court proceeding is predicated upon the absence of a lawfully certified ESD administrative record and therefore lacks a valid jurisdictional foundation;
- Maintain this action in federal court pursuant to 28 U.S.C. §§ 1331, 1441, and 1443;
- Stay or enjoin any further proceedings in Spokane County Superior Court pursuant to 28 U.S.C. § 1446(d) and this Court's inherent authority; and
- Grant such other and further relief as this Court deems just and proper to remedy the ongoing deprivation of due process.

Respectfully submitted this 15th day of January, 2026.

*Sharon Stevenson*

Sharon Stevenson

Petitioner / Removing Party, Pro Se

903 West Grace Ave

Spokane, Washington 99205

(208) 512-0512

SharonStevenson2024@gmail.com

Certificate of Service

I certify that on this 15th day of Jan., 2026, I caused a true and correct copy of the foregoing Notice of Removal to be served upon all parties of record and filed with the Superior Court of the State of Washington for Spokane County in accordance with 28 U.S.C. § 1446(d), by electronic filing and service through the Court's authorized electronic filing system (TrueFiling), and by United States mail, first-class postage prepaid, to all parties and counsel of record, and by any other method of service permitted by law.

*Sharon Stevenson*

Sharon Stevenson